## THOMAS J. ROBINSON, APPELLANT,

*v.*

## MARY H. COFFIN, APPELLEE.

Where one has duly acknowledged and caused to be recorded a town plot of his land, clearly defining the streets thereon, an enclosed space on such plot marked " C " will not be considered a street, although extending from one street to another, in such a way as to conveniently afford a highway to a large number of lots bordering on each side of it, because enclosure of the same manifests an intention on the part of the owner to withhold such space from public use.

APPEAL from First Judicial District, holding terms at Walla Walla.

*W. G. Langford,* for Appellant.

The only issue is whether, under the evidence, the place in question was a street.

The defendant relies solely upon the plat and agreed statement of facts for his justification. (Code of W. T., from p. 401, 402; Dillon on Municipal Corporations, 3d ed., Secs. 640,

641, and notes and authorities there cited; *Houson* v. *Eastman,* 21st Minn. 506.)

*John B. Allen* and *B. L. & J. L. Sharpstein,* for Appellee.

The Court below found that it was not a street, and perpetually enjoined the appellant from entering upon the same.

The appellee contends that the finding and judgment of the District Court was correct, and relies for law in support thereof upon the following : *Municipality No. 2* v. *Orleans Cotton Press,* 36 Am. Dec. 624; *Cowles* v. *Gray,* 14 Iowa, 1 ; *Emmons* v. *Milwaukee,* 32 Wis. 434; *Carpenter* v. *Gwinn,* 35 Barb. 395 ; *Princeton* v. *Templeton,* 71 Ill. 68; *Adeline C. Lee* v. *The Village of Sandy Hill,* 40 N. Y. 442.

Opinion by ROGER S. GREENE, Chief Justice.

This is a case where the appellee sued out an injunction to prevent appellant, who was then City Marshal of the city of Walla Walla, from entering upon certain land to remove improvements which were obstructions upon what the city claimed was a street.

Parties agreed, and the transcript shows, that in January, 1871, the land in question was a part of a large tract belonging to one A. B. Roberts, who in that month filed and had recorded in the office of the Auditor of Walla Walla County, under the statutes of the Territory relative to plats and additions, a duly executed and acknowledged plat of the tract. By this plat, the tract was laid off into various parcels, some of which were subdivided with regularity and uniformity into lots and blocks bounded by streets or other lots, and some of which were strips or blocks, differing very much from one another in size and shape, and laid off without much, if any, obvious method.

The land in controversy is a part of a long strip eighty feet wide, abutting at one end upon a street at right angles called Park Street, and at the other end upon the end of a street in direct line with it, and also eighty feet wide, called Roberts Street; and upon another street at right angles, called Dr. Newell Street. From Dr. Newell Street to Park, the strip runs along the front of a long block of lots, the ingress and egress to

which would naturally be through it, were it a street.   On one side of the strip, at a distance of about half its length and parrallel to it, separated from it by two blocks of lots, and another narrower strip, runs a street called Ebbie Street; and on the other side, and also parallel, at about the same distance, and with an assortment of various sized lots and parcels intervening, runs another street named Catharine.   Thus this strip is one running through the midst of a large square block, around which, as platted, runs a continuous line of demarcation, and which is bounded by Dr. Newell, Ebbie, Park and Catharine Streets.   It does not, according to the lines of the plat, open out into any street or other public place.

All the lands embraced in the entire plat have been, since 1871, within the city limits of Walla Walla.

The only question put before us by the record is, whether this plot shows an intention by Roberts to dedicate the strip above described to public use as a street.

We do not think that such an intent is indicated by the plat. Upon it all streets are plainly marked as streets, and all other subdivisions are designated by letters and numbers.   This strip is a lettered subdivision denominated " C."

While it is true that it might well serve as a convenient street for access to the lots abutting upon it, and while the lots, if it be not a street, are indeed without any way of approach, yet there are many other lots in this plat that are condemned to like isolation, with no convenient strip that might serve for a street near them.

It is rather a strange plat that Mr. Roberts has made, but the author of it had a right to indulge his freedom by platting his own property after a fashion to suit himself.

As our views accord with those upon which the judgment of the Court below is justly based, that judgment will be affirmed.

We concur:   JOHN P. HOYT, Associate Justice.
                GEORGE TURNER, Associate Justice.